Davor SURAC, Plaintiff–Appellant,

v.

CAVALRY PORTFOLIO SERVICES, LLC, Cavalry SPV I, LLC, Defendants–Appellees,

Experian, Transunion, Equifax, AT&T Corp., Defendants.

No. 09–2346–cv.

United States Court of Appeals, Second Circuit.

Dec. 17, 2009.

Joshua N. Bleichman, Spring Valley, NY, for Appellant.

Jonathan Elliot, Zeldes, Needle & Cooper, Bridgeport, CT, for Appellees.

PRESENT: JOSÉ A. CABRANES, B.D. PARKER, Circuit Judges, CAROL BAGLEY AMON,* District Judge.

### SUMMARY ORDER

Plaintiff Davor Surac ("plaintiff" or "Surac") appeals from the May 11, 2009 order of the District Court denying Surac's motion to reopen his case alleging violations of the Fair Debt Collection Practices Act against, *inter alia,* defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC (jointly "defendants" or "Cavalry"). On appeal, plaintiff argues that the District Court erred in denying plaintiff's mo-

* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

tion to reopen. We assume the parties' familiarity with the facts and procedural history of this case.

Any request to modify a district court judgment must be filed within ten days of the entry of that judgment. Fed.R.Civ.P. 59(e). If a motion to set aside a judgment for any reason other than clerical error is filed more than ten days after the entry of that judgement, as happened in this case, "it is properly considered a motion under Fed.R.Civ.P. 60(b)." *Branum v. Clark,* 927 F.2d 698, 704 (2d Cir.1991).

Pursuant to Rule 60(b), a motion for relief from a judgment or order may be granted if there is "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R.Civ.P. 60(b)(1), (6). This relief is available only in "exceptional circumstances." *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir.2008). We review an order of the district court denying a Rule 60(b) motion for abuse of discretion. *See SEC v. McNulty,* 137 F.3d 732, 738 (2d Cir.1998); *cf. Sims v. Blot,* 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." (internal alteration, citations, and quotation marks omitted)).

Plaintiff argues that the District Court's refusal to reopen proceedings "was erroneous and an abuse of discretion." Pl. Br. 6. Plaintiff, however, seems to challenge only the March 11, 2009 order of the District Court denying Surac's motion to enforce the settlement agreement—an order from which plaintiff has not appealed. With respect to the May 11, 2009 order denying his motion, from which plaintiff does appeal, he makes no showing of "exceptional circumstances" that would warrant relief

under Rule 60(b). Accordingly, we conclude that the District Court did not err in denying Surac's motion to reopen proceedings.

## CONCLUSION

For the reasons stated above, the judgment of the District Court is **AFFIRMED.**